HARVEY R. OTTEN and CHERYL R. OTTEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Otten v. Commissioner
Docket No. 26981-90
United States Tax Court
T.C. Memo 1994-595; 1994 Tax Ct. Memo LEXIS 606; 68 T.C.M. (CCH) 1342; December 6, 1994, Filed *606 Decision will be entered for petitioners. For petitioners: Thomas C. Morrison and John A. Lence. For respondent: Jay M. Erickson. PAJAK
PAJAK
MEMORANDUM OPINION PAJAK, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioners' 1985 Federal income tax of $ 669. The sole issue this Court must decide is whether amounts paid for workers' compensation insurance premiums are deductible on petitioners' Schedule C as a business expense, or are nondeductible as a personal expense. Some of the facts in the case have been stipulated and are so found. Petitioners resided in Kalispell, Montana, at the time they filed their petition. Petitioner Harvey Otten (Petitioner) is a self-employed logger. Petitioner and his family have been involved in the operation of the Otten scragmill since 1961. Scrag is timber harvested from previously logged areas or commercially less practical-to-log areas. Scrag often is derived from dead stands *607 of lodge pole pine that cannot be marketed economically on a large scale. The Otten scragmill is a portable sawmill, with two pieces about 16 feet long, and one piece which is 40 feet long. The latter piece is on a trailer. The pieces are taken to a site and assembled into the scragmill. The sawmill is operated on location, where the scrag is harvested, converted into finished two-by-fours, and then sold to unrelated third party purchasers. During the year in issue, petitioner and his three brothers leased the Otten scragmill from their parents. Since 1981, the Otten scragmill exclusively contracted to buy timber rights from the Plum Creek Timber Company, Inc. (Plum Creek). Prior to 1985, Plum Creek did not require any of its independent contractors to obtain workers' compensation insurance coverage. Prior to 1985, neither petitioner nor his three brothers carried Montana workers' compensation insurance. In 1985, Plum Creek changed its contracting policy and required all self-employed persons, including petitioner, to carry Montana workers' compensation insurance. Before executing a Timber Sale Agreement for the period from January 1, 1985 to March 31, 1986, Plum Creek required *608 petitioner and his three brothers to obtain an official certification that they were insured for coverage under Montana's workers' compensation laws. They complied with that requirement. Plum Creek did not allow them to waive or elect out of workers' compensation insurance coverage. Petitioner, a credible witness, testified that in 1985 he began to carry workers' compensation insurance only because Plum Creek required it. He further stated that he would not continue to carry workers' compensation insurance if Plum Creek changed its policy and no longer required him to purchase it. If Plum Creek dropped its requirement, petitioner would continue to carry and rely on his family Blue Cross-Blue Shield policy. To remain in the area where petitioner lived and worked in Montana, his only other option was to work on land owned by the Champion Timber Company (Champion). Champion had required that workers' compensation insurance be purchased by persons working on Champion land since about 1980. Petitioner believed he was fortunate to work on Plum Creek land from 1981 to 1985 and not have to pay the premiums required to purchase workers' compensation insurance. In 1985, petitioner *609 paid $ 2,665 in workers' compensation insurance premiums. Petitioners deducted this amount on their Federal income tax return for 1985 as a Schedule C business expense. Respondent determined that petitioners' deduction for workers' compensation insurance premiums was not allowable. Respondent also made automatic adjustments. Petitioners bear the burden to prove that respondent's determination is incorrect. Rule 142(a); . Section 162(a) provides that there shall be allowed as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". Section 262 provides that, except as otherwise provided, "no deduction shall be allowed for personal, living, or family expenses." First, we will examine the difference between section 162(a) which allows deductions for current business expenses and section 262 which disallows personal expenses. In , the Supreme Court concluded that "the origin and character of the claim with respect to which an expense was incurred * * * is *610 the controlling basic test of whether the expense was 'business' or 'personal'". This Court has stated that "the correct focus is on the nature of petitioner's business and the relationship between that business and the circumstances that give rise to the expense." . Even if a direct relationship between an expense and the taxpayer's business is established, it must further be determined whether the expense is "ordinary and necessary." . Ordinary has been defined as normal, usual, or customary. . Necessary has been defined as appropriate and helpful. . In this case, petitioner was compelled to carry workers' compensation insurance due to a change in policy by the company with which petitioner had a long standing business relationship. In order to continue doing business with Plum Creek, petitioner was forced to obtain workers' compensation insurance. Petitioner had no choice because the only other *611 timber company in the area had the same requirement for all their self-employed contractors. Petitioner did what any similarly situated "hard-headed businessman" would have done. . Petitioner bought the insurance because he wanted to stay in the business in which he was engaged. We find that it was ordinary and necessary for petitioner to incur this expense in his trade or business. Respondent argues that petitioners should be denied a deduction for the workers' compensation insurance premiums because premiums paid by a taxpayer for personal disability insurance, which provides indemnity for loss of life, limb, or earning capacity, are not deductible. . We note that the case at bar involves workers' compensation insurance premiums which petitioner was compelled to pay and not personal disability insurance premiums for insurance voluntarily purchased by a taxpayer. In Blaess, the Court determined that the "taking of the contracts of disability insurance did not proximately result from the operation of petitioner's business, * * * *612 nor did the payment of the premiums which kept the policies alive." . In this case, petitioner was required to purchase workers' compensation insurance in order to continue the operation of his business as he had conducted it in the past. There is no question that petitioner's relationship with Plum Creek was at arm's length. We find that the payment of the premiums and the necessity for the workers' compensation insurance proximately resulted from the operation of petitioner's business under the unique facts in this case. We have considered respondent's other arguments and find they are without merit. Under the particular facts of this case, we find that petitioners properly deducted the workers' compensation insurance premiums petitioner paid in 1985 as an ordinary and necessary business expense under section 162(a). Decision will be entered for petitioners.